307 P.3d 1013

The STATE of Arizona, Respondent,

v.

Ramon Juan ESCARENO–MERAZ, Petitioner.

No. 2 CA–CR 2013–0094–PR.

Court of Appeals of Arizona, Division 2, Department B.

Aug. 21, 2013.

Barbara LaWall, Pima County Attorney By Jacob R. Lines, Tucson, Attorneys for Respondent.

Ramon Juan Escareno–Meraz, Tucson, In Propria Persona.

## OPINION

KELLY, Judge.

¶ 1 Ramon Escareno–Meraz petitions this court for review of the trial court's summary dismissal of his successive notice of post-conviction relief filed pursuant to Rule 32, Ariz. R.Crim. P. We will not disturb that ruling unless the court clearly has abused its discretion. *See State v. Swoopes,* 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App.2007). We grant review but deny relief.

¶ 2 Escareno–Meraz was convicted after a jury trial of one count of illegally controlling

---

* A retired judge of the Arizona Court of Appeals authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Ari-zona Supreme Court Administrative Order No. 2012–101 filed December 12, 2012.

and/or conducting a criminal enterprise; three counts of unlawful use of a wire communication to facilitate a narcotics transaction; one count of unlawful offer to transfer marijuana weighing more than two pounds; one count of conspiracy to possess for sale, transfer, or transport for sale, and/or sell marijuana weighing more than four pounds; and one count of unlawful transportation of marijuana for sale weighing more than two pounds. He was sentenced to aggravated prison terms, including three consecutive 18.5–year terms. We affirmed his convictions and sentences on appeal. *State v. Escareno–Meraz*, No. 2 CA–CR 99–0186 (memorandum decision filed Mar. 29, 2001). Escareno–Meraz then sought post-conviction relief, which the trial court denied, and this court denied relief on review. *State v. Escareno–Meraz*, No. 2 CA–CR 2002–0450–PR (decision order filed Jul. 30, 2004).

¶ 3 In February 2013, Escareno–Meraz filed a notice of post-conviction relief asserting that *Martinez v. Ryan*, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), constituted a significant change in the law entitling him to raise a claim of ineffective assistance of Rule 32 counsel. *See* Ariz. R.Crim. P. 32.1(g); 32.2(b). The trial court summarily dismissed the notice, concluding *Martinez* did not alter the longstanding Arizona rule that a non-pleading defendant "may not assert a claim of ineffective assistance of post-conviction counsel."

██ ¶ 4 Non-pleading defendants like Escareno–Meraz have no constitutional right to counsel in post-conviction proceedings; thus, despite the existence of state rules providing counsel, a claim that Rule 32 counsel was ineffective is not a cognizable ground for relief in a subsequent Rule 32 proceeding. *See State v. Mata*, 185 Ariz. 319, 336–37, 916 P.2d 1035, 1052–53 (1996); *State v. Krum*, 183 Ariz. 288, 291–92 & n. 5, 903 P.2d 596, 599–600 & n. 5 (1995); *Osterkamp v. Browning*, 226 Ariz. 485, ¶ 18, 250 P.3d 551, 556 (App.2011); *State v. Armstrong*, 176 Ariz. 470, 474–75, 862 P.2d 230, 234–35 (App.1993),

overruled *on other grounds by State v. Terrazas*, 187 Ariz. 387, 390, 930 P.2d 464, 467 (App.1996). On review, Escareno–Meraz asserts that, in light of *Martinez*, we should extend the right to effective assistance of Rule 32 counsel to non-pleading defendants. In *Martinez*, the Supreme Court determined:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

—— U.S. at ——, 132 S.Ct. at 1320.

¶ 5 But the Court did not ground its decision in a constitutional right, instead determining that defendants had an "equitable" right to the effective assistance of initial post-conviction counsel, and it limited its decision to the application of procedural default in federal habeas review. *Id.* at ——, 132 S.Ct. at 1315, 1319–20. Indeed, the Court expressly stated it was not deciding the question of whether a defendant is entitled to effective assistance of counsel in the first collateral proceeding in which the defendant may assert a claim of ineffective assistance of trial counsel. *Id.* at ——, 132 S.Ct. at 1315.

██ ¶ 6 Thus, *Martinez* does not alter established Arizona law. Escareno–Meraz additionally suggests that we nonetheless should create a right for non-pleading defendants to effective representation in Rule 32 proceedings due to the "limited" nature of federal habeas review.[1] Even if we could disregard our supreme court's determination that no such right exists, we find no basis to do so. *See State v. Sullivan*, 205 Ariz. 285, ¶ 15, 69 P.3d 1006, 1009 (App.2003) (court of appeals may not disregard decisions of supreme court).

¶ 7 The trial court did not err in summarily dismissing Escareno–Meraz's successive notice of post-conviction relief. Although review is granted, relief is denied.

---

1. Escareno–Meraz asserts in passing that *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), and *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), "can only continue to be good law if *Martinez* is held applicable to those who go to trial." Nothing in those decisions supports Escareno–Meraz's argument.

CONCURRING: GARYE L. VÁSQUEZ, Presiding Judge and PHILIP G. ESPINOSA, Judge.